HILL v. WAKEFIELD STATE BANK.

BANKS AND BANKING—BREACH OF CONTRACT OF ESCROW—PRINCIPAL
AND AGENT—DIRECTED VERDICT.

   In action against bank for breach of contract of escrow, evidence
showing that plaintiff's dealings were with defendant's cash-
ier, who was independently engaged in real estate, insurance,
and loan business, and that, in transaction involved, cashier
was acting in his individual capacity and not as agent of
bank, *held*, to justify directed verdict in favor of defendant.

Error to Lenawee; Sampson (Jacob N.), J. Sub-
mitted October 8, 1929. (Docket No. 4, Calendar
No. 34,061.) Decided December 3, 1929.

Assumpsit by Walter I. Hill against the Wake-
field State Bank, a Michigan corporation, for breach
of contract of escrow. From a judgment upon di-
rected verdict for defendant, plaintiff brings error.
Affirmed.

*O. H. Smith* and *Baldwin & Alexander*, for
plaintiff.

*B. D. Chandler*, for defendant.

POTTER, J. June 10, 1914, plaintiff, then being in
partnership with his brother, Louis G. Hill, sold on
written contract to the latter for $2,850, certain
property in the village of Morenci; $1,000 was paid
down and $1,850. was to be paid on or before five
years from date with interest at 5 per cent. Plain-
tiff claims that at the time he executed the contract
he executed a deed of the real estate covered there-

by, and deposited the deed, together with the contract, with defendant, with instructions to it to collect the amount due upon the contract, and, upon its payment, to deliver the deed executed by himself and wife to his brother, Louis G. Hill. He claims the bank failed and neglected its duty, delivered the deed to Louis G. Hill without the collection of the amount due on the contract, accepted a real estate mortgage upon the premises for $4,800, and in 1927, after the real estate was sold and the bank paid the amount of its mortgage, the bank, through one of its officers, tendered plaintiff $1,850 without interest, whereas plaintiff claims there was due him $3,414.44. To recover this sum suit was brought. Defendant pleaded the general issue and gave notice that plaintiff's claim was barred by the statute of limitations. The claim on the part of defendant is that at the time the contract was entered into between plaintiff and his brother, Clarence Wilson was connected with the defendant bank as cashier, and was independently engaged in the real estate, insurance, and loan business; did conveyancing and acted as a notary public; the transaction between the plaintiff and his brother was one consummated through Mr. Wilson; the contract and deed were turned over to Mr. Wilson, and the bank in no way had anything to do with it; the papers were not delivered to the bank, but to Mr. Wilson; the deed was not delivered by the bank to Louis G. Hill, plaintiff's brother, and the only money that ever came into the hands of the bank, came to it by reason of the sale of the premises, the payment of its real estate mortgage, and the sum of $1,850 turned over to it for plaintiff in payment for his interest in the property; that having tendered the sum of $1,850 to the plaintiff, which he refused to accept, defendant is not liable to plain-

tiff; and, upon plaintiff's theory, his claim is barred by the statute of limitations, and the court properly directed the verdict of no cause of action. Plaintiff brings error based upon the court's refusal to give the plaintiff's several requests to charge and not submitting the case to a jury. The question in the case is whether there was sufficient evidence to carry the case to the jury.

There is no competent proof Mr. Wilson, in the preparation of the contract, accepting the deed of plaintiff and his wife of the premises in escrow, delivering the deed to Louis G. Hill, was acting for defendant; nor that defendant accepted a mortgage on the premises with knowledge of plaintiff's contract rights, or received any money belonging to plaintiff in any other manner than shown by defendant; nor that defendant acted as custodian of the deed of plaintiff and wife, which it held in trust, or that it violated any trust relation with plaintiff. A careful reading of the record satisfies us the trial court arrived at a correct conclusion, and judgment is affirmed, with costs.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.